UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TERRI MYER
2550 East Fenway Drive
Oak Creek, Wisconsin 53154

      Plaintiff,

v.

LULLOFF, LEBEN & TAYLOR, LLC
3333 North Mayfair Road, Suite 203
Wauwatosa, Wisconsin 53222

      Defendant

Case No.: 19-cv-473

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Terri Myer, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in the Eastern District of Wisconsin, Defendant resides and/or operate its businesses

in the Eastern District of Wisconsin, and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Terri Myer, is an adult female resident of the State of Wisconsin with a post office address of 2550 East Fenway Drive, Oak Creek, Wisconsin 53154.

5. Defendant, Lulloff, Leben & Taylor, LLC, was, at all material times herein, a commercial entity with a principal address of 3333 North Mayfair Road, Suite 203, Wauwatosa, Wisconsin 53222.

6. Defendant is a tax and accounting firm.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

9. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

10. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. On or about February 22, 2019, Defendant hired Plaintiff into the position of Bookkeeper.

14. Via letter dated February 22, 2019, Defendant memorialized the terms and conditions of Plaintiff's employment with Defendant.

15. The February 22, 2019 letter that Defendant provided to Plaintiff stated, among other things: "Per our Firm policy you will be entitled to paid personal time at the rate of .01818 hours of paid personal time per hour worked up to 40 hours per year."

16. The February 22, 2019 letter that Defendant provided to Plaintiff stated, among other things: "You will be entitled to paid vacation time. … You will earn .01818 hours of vacation per hour worked up to 40 hours per year."

17. Prior to Plaintiff's commencement of employment with Defendant, Plaintiff signed and dated the February 22, 2019 letter and returned it to Defendant.

18. Prior to Plaintiff's commencement of employment with Defendant, Defendant memorialized the terms and conditions of Plaintiff's employment with Defendant in a written "Employment Contract" (hereinafter simply Plaintiff's "Employment Contract").

19. Plaintiff's Employment Contract stated, among other things: "Either party may terminate the Employee's employment upon fourteen (14) days written notice to the other …"

20. Prior to Plaintiff's commencement of employment with Defendant, Plaintiff signed and dated the Employment Contract and returned it to Defendant.

21. On or about March 4, 2019, Plaintiff commenced her employment at Defendant in the position of Bookkeeper.

22. During Plaintiff's employment with Defendant in the position of Bookkeeper, Plaintiff's job duties and job responsibilities included: data entry; balancing checkbooks; creating spreadsheets; running payroll; and e-filing and printing tax returns.

23. During Plaintiff's employment with Defendant in the position of Bookkeeper, Plaintiff reported directly to Brian Leben, part-Owner of Defendant.

24. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff an annual salary of approximately $52,500, or approximately $1,009.62 weekly, based on a forty (40) hour workweek.

25. During Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

26. During Plaintiff's employment with Defendant, Defendant's established workweek for FLSA and WWPCL purposes Sunday through Saturday.

27. Between approximately March 4, 2019 and March 9, 2019, Plaintiff performed compensable work in the position of Bookkeeper.

28. Between approximately March 4, 2019 and March 9, 2019, Plaintiff performed compensable work in the position of Bookkeeper at Defendant's direction, for Defendant's benefit, on Defendant's behalf, and with Defendant's knowledge.

29. Between approximately March 4, 2019 and March 9, 2019, Plaintiff performed a total of approximately forty-eight (48) hours of compensable work in the position of Bookkeeper at Defendant's direction, for Defendant's benefit, on Defendant's behalf, and with Defendant's knowledge.

30. On or about March 9, 2019, Defendant terminated Plaintiff's employment.

31. During Plaintiff's employment with Defendant in her position of Bookkeeper from approximately March 4, 2019 to March 9, 2018, Plaintiff did not have or exercise discretion in the performance of her job duties and job responsibilities.

32. During Plaintiff's employment with Defendant in her position of Bookkeeper from approximately March 4, 2019 to March 9, 2018, Plaintiff's job duties did not require her to perform specialized or technical work and did not require her to have special training, experience, and/or knowledge.

33. During Plaintiff's employment with Defendant in her position of Bookkeeper from approximately March 4, 2019 to March 9, 2018, Plaintiff did not compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after various possibilities were considered.

34. During Plaintiff's employment with Defendant in her position of Bookkeeper from approximately March 4, 2019 to March 9, 2018, Plaintiff did not have authority to make an independent choice, free from immediate direction or supervision from Defendant, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

35. During Plaintiff's employment with Defendant in her position of Bookkeeper from approximately March 4, 2019 to March 9, 2018, no employees of Defendant reported directly to Plaintiff.

36. During Plaintiff's employment with Defendant in her position of Bookkeeper from approximately March 4, 2019 to March 9, 2018, Plaintiff did not directly supervise or manage any employees of Defendant.

37. During Plaintiff's employment with Defendant in her position of Bookkeeper from approximately March 4, 2019 to March 9, 2018, Plaintiff did not manage, run, or operate any department or division of Defendant.

38. Despite performing a total of approximately forty-eight (48) hours of compensable work between approximately March 4, 2019 and March 9, 2019, Defendant compensated Plaintiff for only forty (40) hours of work.

39. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff with overtime rate of pay for hours worked in excess of forty (40) in a workweek between approximately March 4, 2019 and March 9, 2019.

40. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for eight (8) hours of hours worked and/or work performed between approximately March 4, 2019 and March 9, 2019, including at an overtime rate of pay.

41. During Plaintiff's employment with Defendant, Plaintiff's paycheck did not properly or legally compensate her for all hours worked and/or work performed, including those hours worked in excess forty (40) in a workweek.

42. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her at an overtime rate of pay for all hours worked and/or work performed beyond forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

43. Defendant knew or should have known that, in accordance with the FLSA and WWPCL, it must compensate Plaintiff at an overtime rate of pay for all hours worked and/or work performed during workweeks when she performed compensable work in excess of forty (40) hours.

44. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

45. As a result of Defendant's unlawful failure to compensate Plaintiff with overtime pay for any and all hours worked beyond forty (40) hours in a workweek in accordance with the FLSA and WWPCL, Defendant owes Plaintiff a total monetary amount of approximately $302.88, in addition to liquidated damages and attorneys' fees and costs.

46. Subsequent to the end of Plaintiff's employment with Defendant on or about March 9, 2019, Defendant failed to compensate Plaintiff with approximately 3.34 hours of earned and accrued Personal Time and Vacation Time, in violation of the WWPCL.

47. As a result of Defendant's unlawful failure to compensate Plaintiff with earned and accrued Personal Time and Vacation Time in accordance with the WWPCL, Defendant owes Plaintiff a total monetary amount of approximately $84.30, in addition to liquidated damages and attorneys' fees and costs.

48. Defendant did not provide Plaintiff with "…fourteen (14) days written notice…" prior to the termination of Plaintiff's employment on or about March 9, 2019, in accordance with Plaintiff's Employment Contract.

49. As a result of Defendant's unlawful failure to provide Plaintiff with "…fourteen (14) days written notice…" in accordance with the terms and conditions of Plaintiff's Employment Contract, Defendant owes Plaintiff a total monetary amount of approximately $2,019.23.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)

50. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

51. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

52. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

53. Defendant intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) during a workweek.

54. Defendant's failure to properly and legally compensate Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) in a workweek was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

55. Plaintiff is entitled to damages within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by

the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

56. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)**

57. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

58. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

59. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

60. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

61. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

62. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek, but Defendant failed to compensate Plaintiff at an overtime rate of pay for hours worked beyond forty (40) in a workweek.

63. Defendant willfully violated the WWPCL by failing to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

64. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

65. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (FAILURE TO PAY AN AGREED-UPON WAGE)

66. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

67. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

68. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

69. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

70. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

71. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek, but Defendant failed to compensate Plaintiff for any hours worked beyond forty (40) in a workweek.

72. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with earned and accrued Personal Time and Vacation Time as stated in the February 22, 2019 letter, but Defendant failed to compensate Plaintiff for these agreed-upon wages, in violation of the WWPCL.

73. Defendant willfully violated the WWPCL by failing to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

74. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

75. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

## FOURTH CAUSE OF ACTION – BREACH OF CONTRACT

76. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

77. The provisions and promises contained in the February 22, 2019 letter and Plaintiff's Employment Contract governed Defendant's compensation of Plaintiff during her employment with Defendant.

78. Defendant failed to comply with and breached the provisions and promises contained in the February 22, 2019 letter by failing to compensate with earned and accrued Personal Time and Vacation Time.

79. Defendant failed to comply with and breached the provisions and promises contained in Plaintiff's Employment Contract by not providing Plaintiff with "…fourteen (14) days written notice…" of the termination of her employment (and compensating her for same).

80. As a result of Defendant's failures as stated herein, Defendant owes Plaintiff the monetary amounts as stated herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages, earned and accrued Personal Time and Vacation Time, pre-judgment and post-judgment interest, and for any and all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 2nd day of April, 2019

                        WALCHESKE & LUZI, LLC
                        Counsel for Plaintiff

                        **s/ *Scott S. Luzi***
                        James A. Walcheske, State Bar No. 1065635
                        Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com